On the Merits.
The defendant is sued as surety on a lease contract for $2,640, being for the last 14 months of the lease at $190 per month, less $20 paid on the rent note for August, 1922.
The only defense urged by the surety is that he made an offer of compromise and adjustment of the rent to the plaintiff, which relieved the defendant from all rent due subsequent to April 1, 1923. The compromise offered was that the defendant would settle the amount of rent up to and including March 31, 1923, at $190 per month, and for the balance the defendant would make certain alterations and improvements of the leased premises, not to exceed the sum, of $1,000, and was to lease the same at a stipulated price per month. In , other words, when the alterations were made, the defendant was to secure tenants at a certain price per month, and the expense of the alterations was to be deducted, and the old lease canceled.
It suffices to say in answer to this defense that the offer of compromise was never accepted by the plaintiff nor by any one on his behalf. The answer admits that defendant was notified on March 2, 1923, that plaintiff had declined the offer, and on receipt of such notice the defendant informed. the parties to whom he expected to lease the property after the alterations were made, and those parties had gone ahead and leased other property.
On March 28, 1923, Mr. Bernard Titche, attorney for plaintiff, wrote defendant as follows:
“If you will renew your proposition regarding the alterations of the Baronne street premises and leased to the Atlantic & Pacific Company, I think I can persuade Mr. Burnstein to make the contract.”
No renewal of the proposition was ever made and it is not claimed that any further efforts at adjustment were attempted.
It can hardly be claimed that the original unaccepted offer of compromise is legally enforceable, especially in view, of a timely declination of the offer communicated to the defendant. Nor has the subsequent promise of plaintiff’s attorney to endeavor to persuade the plaintiff to enter into such a contract any greater legal efficacy.
The defense is entirely without merit. No other judgment could have been rendered than was rendered, and the same is accordingly affirmed, at appellant’s cost.